UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RONALD SATISH EMRIT,            )
        Plaintiff,              )
                                )  Civ. Action No. 19-12272-PBS
        v.                      )
                                )
NATIONAL FOOTBALL LEAGUE, et al.,)
        Defendants.             )
```

**MEMORANDUM AND ORDER**

December 6, 2019

SARIS, C.D.J.

On November 4, 2019, pro se plaintiff Ronald Satish Emrit, a resident and citizen of Florida, filed a complaint naming as defendants the National Football League, the Washington Redskins and Daniel Snyder, majority owner of the Washington Redskins. See Docket No. 1.  With the complaint, he filed a motion to proceed in forma pauperis.  See Docket No. 1.

A search of the federal judiciary's Public Access to Court Electronic Records (PACER) service reveals that in October 2019 Emrit filed in other federal district courts five nearly identical actions against the same defendants named here.  See Emrit v. National Football League, et al., No. 19-3086 (D.D.C. filed Oct. 10, 2019); Emrit v. National Football League, et al., No. 19-2968 (D. Maryland filed Oct. 10, 2019; Emrit v. National Football League, et al., No. 19-1302 (E.D. Vir. filed Oct. 10, 2019); Emrit v. National Football League, et al., No. 19-

525(M.D. Fla. filed Oct. 15, 2019); and Emrit v. National Football League, et al., No. 19-334 (S.D. Iowa Filed Oct. 15, 2019).

Under the prior-pending-action doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." O'Reilly v. Curtis Pub. Co., 31 F. Supp. 364, 364-65 (D. Mass. 1940).  "To promote judicial economy and protect parties from vexatious and expensive litigation, a federal court may dismiss a suit when it is duplicative of a suit already pending in another federal court."  Rivadeneira v. Dep't of Homeland Sec., No. 15-12317-RGS, 2015 WL 4111452, at *1 (D. Mass. July 8, 2015).

Here, the lawsuits are virtually identical, and therefore, this later filed action is a duplicative proceeding.  Thus, the Court finds that it would be appropriate to have plaintiff's claims resolved in an earlier filed action.  Even if the prior pending action doctrine did not apply, the court would likely dismiss the action where it appears improperly venued in the District of Massachusetts.  See 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a) (requiring dismissal or, if in the interest of justice, transfer an action for improper venue).

Accordingly, this action is hereby DISMISSED without prejudice. The motion to proceed in forma pauperis is DENIED as moot.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE